# Pattison *versus* Armstrong *et al.*

1. McGuier bought Pattison's land at sheriff's sale and sold to Armstrong. Pattison, alleging that by agreement with McGuier the land was bought in trust for him and that Armstrong had notice of the trust, brought ejectment against Armstrong, who died before the trial. *Held,* that Pattison was competent to testify as to the agreement between himself and McGuier.

2. The death of an intervening vendee will not, under the Act of April 15th 1869, exclude either of the parties to the original contract from testifying, both being alive.

3. Karns *v.* Tanner, 16 P. F. Smith 297, followed.

November 21st 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

[Pattison *v.* Armstrong.]

Error to the Court of Common Pleas of *Washington county:* Of October and November Term 1873, No. 174.

This was an action of ejectment, commenced May 31st 1870, by John Pattison against Martin Armstrong, deceased, and Mary Henderson, to recover a tract of ninety acres of land in Washington county.

The plaintiff, in 1860, was in possession of the land in dispute and claimed to have the title to it.

In that year there were two judgments in the Court of Common Pleas of Washington county against the plaintiff: one to November Term 1859, for $501.37, in favor of Samuel Hazlett; and the other to February Term 1860, for $506.44, in favor of William Smith & Son; both had been reduced by payments. The latter judgment being pressed by execution, J. B. McGuier, on the 6th of April 1861, took an assignment of both. The land was afterwards sold on an execution upon the Smith judgment, purchased by McGuier at the sheriff's sale and a deed made to him on the 28th of August 1861. On the 14th of May 1864, McGuier conveyed the land to Martin Armstrong. Armstrong died after the commencement of this action, and his heirs at law were substituted.

The plaintiff alleged that there was an agreement between him and McGuier, that McGuier would advance the money due on the judgments, take assignments of them and take the rents of the farm till he should be reimbursed, and then the plaintiff was to have his farm again; that afterwards-McGuier pressed the land to sale on the Smith judgment, bought it and sold to Armstrong, as above stated; and that Armstrong had notice of the agreement at the time he purchased.

On the trial, February 4th 1872, before Acheson, P. J., the plaintiff was offered as a witness "to prove the agreement between himself and J. B. McGuier, the vendor of Martin Armstrong, by which the said McGuier agreed to pay off certain judgments of Smith and Hazlett and receive the rents and profits of the land until he was reimbursed."

The defendants objected, on the ground that Martin Armstrong, one of the co-defendants and the holder of the legal title at the impetration of the writ, is since dead, as appears by the substitution of his heirs at law on the record.

The court overruled the offer, and sealed a bill of exceptions.

There was much evidence given by the plaintiff for the purpose of establishing a trust *ex maleficio* for him, or a mortgage to McGuier and notice to Armstrong, which, as the opinion of the Supreme Court is solely upon the rejection of the plaintiff's offer of evidence, it is unnecessary to give in detail.

The plaintiff submitted several points, which the court declined to affirm, and, amongst other things, charged:—

"Upon the whole case, we think there is no trust such as the

plaintiff suggests in his first point, nor any mortgage, or notice to Armstrong, as suggested in his third point. Considering it, therefore, to be our clear duty to withdraw the case from your consideration, it is unnecessary to refer further to the plaintiff's points. They are answered by our charge. The legal title of the defendants cannot be overthrown by evidence so loose, vague and inconclusive as that furnished by the plaintiff, and your verdict must be for the defendants."

The verdict was for the defendants.

The plaintiff took out a writ of error. His assignments of error were the rejection of his offer of evidence and the charge of the court.

*Braden & Miller*, for plaintiff in error, referred to the Act of April 15th 1869, relating to parties testifying.

*A. Wilson* and *Hart & Brady*, for defendants in error, referred to same act and its supplement of April 9th 1870.

The opinion of the court was delivered, January 5th 1874, by

MERCUR, J.—The first assignment of error is to the rejection of the plaintiff as a witness. The offer was to prove a contract made between the plaintiff and one J. B. McGuier, in relation to the land in controversy. The exclusion of the plaintiff is put upon the ground that McGuier sold the land to Martin Armstrong, who has since died, and the defendants claim under him; that Armstrong being dead, the plaintiff is thereby made incompetent by the proviso to the first section of the Act of 15th April 1869. That section declares: "No interest nor policy of law shall exclude a party or person from being a witness in any civil proceeding." The proviso thereto, *inter alia*, declares that the act shall not apply to actions "where the assignor of the thing or contract in action may be dead." This evidently means where one of the parties to the particular contract or thing sought to be proved, is dead, the survivor shall not be permitted to testify in regard to it. Hence, if the offer was to prove a contract between the plaintiff and Armstrong, undoubtedly the plaintiff would be incompetent for that purpose. As death, in that case, would have closed the mouth of one of the parties to the contract, the law will close the mouth of the other, when he is a party to the record. The rejected offer, however, was to prove a contract between parties both of whom are now living. The question does not arise under circumstances in which the lips of one party to the contract in question is closed, but when his lips have been opened and he has actually testified in behalf of the defendants. That it is the inability to testify by one to the transaction that excludes the other, is clearly recognised in Karns *et al. v.* Tanner, 16 P. F. Smith

[Pattison v. Armstrong.]

297. It is there said by Mr. Justice Agnew: " The true spirit of the proviso, then, seems to be that when a party to a thing or contract in action is dead, and his rights have passed, either by his own act or by that of the law to another, who represents his interest in the subject of controversy, the surviving party to that subject shall not testify to matters occurring in the lifetime of the adverse party, whose lips are now sealed." We think the death of a subsequent and intervening purchaser, who was not a party to the contract, is insufficient to exclude either of the parties thereto while they are both living. The learned judge, therefore, erred in refusing to permit the plaintiff to testify, and the first assignment is sustained.

As the case goes back for another trial, in which additional evidence may be given, and the second assignment is predicated of the whole evidence, we deem it unnecessary to discuss that now.

Judgment reversed, and a *venire facias de novo* awarded.